## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DEANGELO LAMONT MITCHELL,

    Plaintiff,

v.

NEVADA LEGISLATIVE COUNSEL,

    Defendant.

3:18-cv-00595-MMD-CBC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

Before the Court is Plaintiff Deangelo Lamont Mitchell's ("Mitchell"), application to proceed *in forma pauperis* (ECF No. 1), his *pro se* civil rights complaint (ECF No. 1-1), and motion for appointment of counsel (ECF No. 1-2). For the reasons stated below, the Court recommends that Mitchell's *in forma pauperis* application (ECF No. 1) be granted, that his complaint (ECF No. 1-1) be dismissed without prejudice, and without leave to amend, and that his motion for appointment of counsel (ECF No. 1-2) be denied.

**I.   *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Mitchell cannot pay the filing fee; therefore, the Court recommends that the application be granted.

**II.     SCREENING STANDARD**

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. SCREENING OF COMPLAINT

In his complaint, Mitchell sues Defendant Nevada Legislative Counsel and seeks a declaratory judgment establishing that the Nevada Legislature's 2017 amendment to Nevada Revised Statute ("NRS") 176.017, which applied prospectively only, violates equal protection and due process. (*See* ECF No. 1-1).

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson v. Thomas*, 528 F.3d 685, 692-93 (9th Cir. 2008). Additionally, declaratory relief is not available in federal court to attack a state criminal conviction. *Sperl v. Deukmejian*, 642 F.2d 1154 (9th Cir. 1981).

It is apparent that Mitchell's complaint for declaratory relief is ultimately a challenge of the constitutionality of his state court criminal judgment and corresponding sentence, and accordingly his sole relief is through a *habeas corpus* action. The Court, therefore, recommends that the complaint be dismissed without prejudice and without leave to amend.

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Mitchell has filed a motion for appointment of counsel. (ECF No. 1-2). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. Because Mitchell does not present any "exceptional circumstances" that warrant appointment of counsel, the Court recommends that the motion for appointment of counsel (ECF No. 1-2) be denied.

## V. CONCLUSION

For the reasons articulated above, the Court recommends that Mitchell's application to proceed *in forma pauperis* (ECF No. 1) be granted, that Mitchell's complaint (ECF No. 1-1) be dismissed without prejudice and without leave to amend, and that Mitchell's motion for appointment of counsel (ECF No. 1-2) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**VII.   RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Mitchell's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Mitchell's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Mitchell's complaint (ECF No. 1-1) be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**; and

**IT IS FURTHER RECOMMENDED** that Mitchell's motion for appointment of counsel (ECF No. 1-2) be **DENIED**.

DATED:  August 14, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**