UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DEANGELO LAMONT MITCHELL,

Plaintiff,

v.

NEVADA LEGISLATIVE COUNSEL,

Defendant.

Case No. 3:18-cv-00595-MMD-CBC

ORDER

**I.   SUMMARY**

Plaintiff Deangelo Lamont Mitchell was convicted of a felony when he was 16 years old, prior to passage of NRS § 176.017, which gives courts discretion to reduce the length of incarceration for juveniles in some circumstances. Now Plaintiff has brought a claim under 22 U.S.C. § 2201 against the Nevada Legislative Counsel for declaratory judgment establishing that NRS § 176.017 violates equal protection and due process because it does not apply retroactively. Before the Court is the Report and Recommendation of United States Magistrate Carla Baldwin Carry (ECF No. 3) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1), *pro se* Complaint (ECF No. 1-1) and motion for appointment of counsel (ECF No. 1-2). Judge Carry recommends granting Plaintiff's IFP Application, dismissing his Complaint without prejudice or leave to amend and denying his motion. On February 7, 2017, Plaintiff filed an objection solely opposing the dismissal ("Objection"). (ECF No. 4.) This Court will accept Judge Carry's recommendations in full and overrule Plaintiff's objection because, as Judge Carry already found, Plaintiff's Complaint amounts to a

1 constitutional challenge to his court sentence, therefore his sole relief is through a habeas corpus action.

## II. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id*. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

## III. DISCUSSION

In light of Plaintiff's objection to the R&R as to the dismissal of his Complaint, this Court has engaged in a *de novo* review to determine whether to adopt the R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt Judge Carry's R&R and overrule Plaintiff's objection.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Judge Carry found that, because Plaintiff essentially challenges the state court criminal judgment and corresponding sentence, his sole relief is through a habeas action and therefore his case should be dismissed. (ECF No. 3 at 4.) Plaintiff objects to the R&R on the sole ground that a favorable declaratory judgment will not result in an immediate release or a shorter stay because such declaration is not binding on Nevada state courts. (ECF No. 4 at 3.) Regardless of whether or not that is true, Plaintiff's objection relies on an incomplete statement of the legal standard in *Wilkinson v. Dotson*, 544 U.S. 74 (2005).[1]

In *Wilkinson*, the Supreme Court clarified that its precedent barred a state prisoner's § 1983 action if "success in that action would necessarily demonstrate the invalidity of confinement or its duration," absent prior invalidation. *Id.* at 81-82. Although *Wilkinson* discussed § 1983 actions, the rule applies with equal force to declaratory actions brought under § 2201 that challenge the validity of a criminal sentence—such as Plaintiff's case. *See United States v. Gutierrez*, 116 F.3d 412, 415 (9th Cir. 1997) (citing cases that precluded inmates from using the Declaratory Judgment Act to challenge the validity of their sentences or convictions); *Benson v. State Bd. of Parole & Prob.*, 384 F.2d 238, 240 (9th Cir. 1967) ("[T]he Declaratory Judgment Act may not be used as a substitute for habeas corpus." (citation and internal quotes omitted)). Specifically, Plaintiff's action seeks declaratory judgment that the Nevada legislature's failure to give retroactive application to NRS § 176.017 is unconstitutional. (ECF No. 1-1 at 4.) Such a judgment would effectively invalidate Plaintiff's sentence, which did not benefit from having a court consider certain factors warranting a shorter sentence that courts must now do under NRS § 176. In fact, Plaintiff's objection admits he is challenging his

---

[1] Plaintiff attempts to analogize this case to *Wilkinson*, but a closer review of the case reveals that the facts there are distinguishable. *Wilkinson* involved a challenge to prison procedures that determined when parole hearings should be granted, whereas here Plaintiff is challenging the sentencing court's "substantive determinations as to the length of confinement." *Wilkinson*, 544 U.S. at 83-84. Plaintiff's only remedy for doing that is to seek habeas relief.

3

sentence when he says a declaratory judgment in his favor "would mean, at most, that he would be entitled to a mere federal declaration that the statute . . . violates equal protection and due process." (ECF No. 4 at 3.)

Plaintiff's objection is therefore overruled, and his case is dismissed because his sole remedy is to seek habeas relief.

**IV.    CONCLUSION**

It is therefore ordered, adjudged and decreed that Judge Carry's R&R (ECF No. 3) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP Application (ECF No. 1) is granted.

It is further ordered that the Clerk file Plaintiff's Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 1-2) is denied as moot.

The Clerk of the Court is instructed to enter judgment in accordance with this order and close this case.

DATED THIS 25th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

4